United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELSA HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-4039 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE, | § § § § § § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim of Defendant U.S. Bank National Association Not In Its Individual Capacity But Solely as Legal Title Trustee (Document No. 3). Having considered the motion, submission, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This case involves the foreclosure of residential property. On October 15, 2019, Plaintiff Elsa Harris ("Harris") and Harris's spouse, Michael Harris, executed a Note and Deed of Trust payable to HomeXpress Mortgage Corp. for the principal sum of $1,593,750.00 which encumbered the real property located at 4704 Schlipf Road, Katy, Texas 77493 (the "Property"). In late 2020, HomeXpress Mortgage

Corp. assigned its rights under the Deed of Trust to Defendant U.S. Bank National Association Not In Its Individual Capacity But Solely as Legal Title Trustee ("U.S. Bank"). In January 2021, U.S. Bank initiated foreclosure proceedings pursuant to the Deed of Trust. On January 11, 2021, U.S. Bank sent a notice of sale, indicating the Property would be auctioned at a foreclosure sale to be held on February 2, 2021. On January 28, 2021, Harris's spouse, Michael Harris, filed suit in the Waller County District Court for the 506th Judicial District and sought a temporary restraining order to stop the foreclosure, which he received. That lawsuit was then removed to federal court and was dismissed with prejudice by agreement of the parties. On November 11, 2021, U.S. Bank again proceeded with foreclosure of the Property and noticed it for sale at an auction to be held on December 7, 2021.

Based on the foregoing, on December 3, 2021, Harris filed suit *pro se* in the Waller County District Court for the 506th Judicial District seeking a temporary restraining order to stop the pending foreclosure, which she received the same day. On December 12, 2021, U.S. Bank removed this action and moved to dismiss Harris's complaint for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

U.S. Bank contends Harris's complaint fails to plead a specific cause of action, but rather it broadly asserts: (1) U.S. Bank's attempted foreclosure is wrongful; and (2) Harris is entitled to injunctive relief to prevent a foreclosure sale.

Harris did not respond to the motion to dismiss. The Court first addresses the wrongful foreclosure cause of action.

A.  *Wrongful Foreclosure*

U.S. Bank contends Harris failed to plead any facts supporting a wrongful foreclosure cause of action. In Texas, the elements of a wrongful foreclosure claim are: "(i) a defect in the foreclosure proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir.) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). However, "[a] claim for wrongful foreclosure cannot succeed . . . when no foreclosure has occurred." *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011)).

On December 3, 2021, the Waller County District Court issued a Temporary Restraining Order ("TRO") preventing the foreclosure sale of the Property. This case was removed to this Court nine days later.[1] Harris has not pleaded any facts showing a foreclosure sale actually took place or that she otherwise lost possession of the Property. Under Texas law, a wrongful foreclosure action cannot succeed if no foreclosure sale occurred. *See Foster*, 848 F.3d at 406. Further, Harris did not

---

[1] *See Notice of Removal*, Document No. 1.

4

respond to the U.S. Bank's motion to dismiss. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Therefore, the Court finds Harris failed to adequately plead facts to support a wrongful foreclosure cause of action. Accordingly, the motion to dismiss as to the wrongful foreclosure cause of action is granted.

B.   *Injunctive Relief*

U.S. Bank contends Harris is not entitled to injunctive relief because she has not shown a likelihood of success on the merits of her wrongful foreclosure cause of action. Injunctive relief is appropriate only when the plaintiff shows: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [injunctive relief] will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Further, "[t]he party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Miss. Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985).

Under Texas law, a foreclosure sale is required to maintain a wrongful foreclosure cause of action. *See Foster*, 848 F.3d at 406. Here, foreclosure sale never

took place because Harris obtained a TRO in state court before the sale was held.[2] Thus, Harris failed to adequately plead a wrongful foreclosure cause of action and therefore cannot prove a substantial likelihood of success on the merits of that claim as required for the issuance of injunctive relief. Further, Harris did not respond to U.S. Bank's motion to dismiss. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Therefore, the Court finds Harris did not prove any of the elements required for the issuance of injunctive relief. Accordingly, the motion is granted as to the injunctive relief sought.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim of Defendant U.S. Bank National Association Not In Its Individual Capacity But Solely as Legal Title Trustee (Document No. 3) is **GRANTED**. The Court further

**ORDERS** Plaintiff Elsa Harris's claims against Defendant U.S. Bank National Association Not In Its Individual Capacity But Solely as Legal Title Trustee are **DISMISSED WITHOUT PREJUDICE.**

---

[2] *Notice of Removal*, Document No. 1, Exhibit C-2 at 1 (*Temporary Restraining Order*).

SIGNED at Houston, Texas, on this 12th day of January, 2022.

*David Hittner*
DAVID HITTNER
United States District Judge